**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ANTHONY D. CUMMINGS,

    **Plaintiff,**

v.                                 1:16-cv-2000-WSD

NATIONSTAR MORTGAGE LLC,

    **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Defendant Nationstar Mortgage LLC's ("Defendant" or "Nationstar") Motion to Dismiss [3] Plaintiff Anthony D. Cummings' ("Plaintiff") Complaint [1.1]. The Court also considers Plaintiff's "Emergency Motion for Entry to Reconsider Order to Remand Case Back to State Court, Motion to Vacate Remand Order with Supplemental of [sic] Jurisdiction" ("Motion to Remand") [11], which the Court construes as his Motion to Remand.[1]

---

[1] Plaintiff, proceeding *pro se*, has filed several documents. Plaintiff appears to assert claims in the following documents, which the Court construes as Plaintiff's Pleadings: "Verified Motion, Improper Foreclosure, Injunctive Relief, Punitive Damages, [sic] Remand Back to Superior Court" [6]; Motion to Remand [11]; and "Motion" [9] for Injunctive Relief.

**I.     BACKGROUND**

On October 31, 2006, Plaintiff obtained a loan in the amount of $189,370 from Bank of America, N.A. ("BANA").  (Security Deed [3.2] at 2, 4).[2] Repayment of the loan was secured by a deed ("Security Deed") to real property located at 3159 Meadow Point Drive, Snellville, Georgia (the "Property").  (Id. at 5).  Under the terms of the Security Deed, Plaintiff "grant[ed] and convey[ed] to [BANA] and [BANA's] successors and assigns, with power of sale, the [Property]." (Id.).

On May 14, 2016, BANA assigned its rights under the Security Deed to Nationstar.  (Assignment [3.3]).

At some point, it appears that Plaintiff defaulted on his loan obligations and Nationstar scheduled a foreclosure sale of the Property.

---

[2]     Nationstar attaches to its Motion to Dismiss copies of the Security Deed and Assignment, which were filed with the Clerk of the Superior Court of Gwinnett County, Georgia.  These documents are matters of public record and the Court may consider them.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 355 (2007) (on a motion to dismiss, court must consider the complaint and matters of which it may take judicial notice); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-1278 (11th Cir. 1999) (court may take judicial notice of official public records and may base its decision on a motion to dismiss on information in those records).

On January 25, 2016, Plaintiff filed his Complaint in the Superior Court of Gwinnett County, Georgia.[3]  The crux of Plaintiff's claims is that Defendant lacks standing to foreclose on the Property based on perceived defects in the Assignment and the transfer of his mortgage.  Plaintiff seeks injunctive relief, compensatory and punitive damages, attorney's fees and litigation costs.

On June 15, 2016, Nationstar removed the Gwinnett County Action to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

On June 22, 2016, Nationstar moved to dismiss Plaintiff's Complaint for failure to state a claim for relief.

On August 3, 2016, Plaintiff filed his "Verified Motion, Improper Foreclosure, Injunctive Relief, Punitive Damages, [sic] Remand Back to Superior Court."  In it, Plaintiff asserts that Nationstar lacks standing to foreclose on the Property because it is an "improper secured creditor" and has not produced the original promissory note.  (See [6] at 2).

On September 29, 2016, Plaintiff filed his "Motion" [9] for Injunctive Relief.  Plaintiff also appears to assert a claim for fraud based on his assertion that Nationstar "has never proven entitlement to the plaintiff property [sic]," which, he

---

[3]     No. 16A 00665-7.

asserts, amounts to "a clear pattern of intentional fraudulent conduct." (See [11] at 4).

On December 27, 2016, Plaintiff moved to remand this case to state court. Plaintiff does not assert any specific reasons to explain why remand of this action is appropriate. Plaintiff does not assert that the Court lacks subject-matter jurisdiction over this action and instead seems to agree that the "District Court of the United States has original, concurrent, and supplementary [sic] jurisdiction over this cause of action." (See [11] at 2).

The Court first considers whether it has subject-matter jurisdiction over this action.

## II.   DISCUSSION

### A.   Plaintiff's Motion to Remand

Defendant removed the Gwinnett County Action to this Court based on diversity of citizenship. The Court has diversity jurisdiction over an action in which the amount in controversy exceeds $75,000, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

Nationstar, in its Notice of Removal, asserts that the members of Nationstar are Nationstar Sub 1 LLC ("Sub1") and Nationstar Sub 2 LLC ("Sub2"), and that the sole member of Sub1 and Sub2 is Nationstar Mortgage Holdings, Inc. ("NSM

Holdings, Inc."). (See Notice of Removal [1] at 2-3). Nationstar also asserts that NSM Holdings, Inc. is incorporated in Delaware and has its principal place of business in Texas. (Id.). NSM Holdings, Inc. is therefore a citizen of Delaware and Texas. Because Nationstar's members are citizens of Delaware and Texas, Nationstar is also a citizen of Delaware and Texas.[4] Nationstar asserts further that "[u]pon information and belief, and based on the allegations in the Complaint, Plaintiff is a resident of Mississippi." (Id.).

Because the Notice of Removal failed to properly allege the citizenship of Plaintiff, on January, 19, 2017, the Court issued an Order [13] directing Defendant to file, on or before February 1, 2017, a "Supplement to Removal," to properly allege the parties' citizenship.

On February 1, 2017, Nationstar filed its Supplement to Removal [15]. Nationstar asserts that Plaintiff is a resident of Georgia and has an intention to remain in Georgia indefinitely.[5] (See [15] at 2).

Plaintiff does not dispute that Nationstar has carried its burden of showing

---

[4] See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

[5] For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Travaglio v. American Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

that complete diversity exists among the parties.  Nationstar is a citizen of Delaware and Texas and Plaintiff is a citizen of Georgia.  Complete diversity thus exists among the parties, and it is undisputed that the amount in controversy exceeds $75,000.  The Court therefore has subject-matter jurisdiction over this action based on diversity of citizenship.  Plaintiff's Motion to Remand is required to be denied.

    B.    Defendant's Motion to Dismiss

        1.    Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences."  Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true."  Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)).  Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true.  See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly,

550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)).  Mere "labels and conclusions" are insufficient.  Twombly, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550 U.S. at 570).[6]

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).

---

[6]   Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555.

Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  <u>Osahar v. U.S. Postal Serv.</u>, 297 F. App'x 863, 864 (11th Cir. 2008).

    2.    <u>Analysis</u>

The allegations in Plaintiff's Pleadings are illogical, convoluted and conclusory.  Plaintiff makes passing references to the Constitution, the Uniform Commercial Code, and state and federal statutes without explaining how they are relevant to his claims.  The lack of factual allegations and a cohesive argument renders Plaintiff's Pleadings nearly incomprehensible.  Plaintiff's Pleadings are impermissible "shotgun pleadings" that fail to meet the requirements of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure, and dismissal is warranted on this basis alone.  <u>See, e.g.</u>, <u>Osahar</u>, 297 F. App'x at 864; <u>Maldonado v. Snead</u>, 168 F. App'x 373, 377 (11th Cir. 2006); <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001); <u>Red Capital Trust v. Countrywide, et al.</u>, No. 1:14-cv-03377-TCB-GGB, 2015 WL 11578453, at *4 (N.D. Ga. Feb 23, 2015) ("To the extent Plaintiff's complaint makes passing references to alleged violations of other

statutes and laws (including the False Claims Act, TILA, RESPA, HOEPA, RICO, fraud, split the note . . . ), these allegations are without sufficient factual or legal support, and should be dismissed for failure to satisfy the rudimentary pleading requirements of Rule 8(a)."). However, in light of Plaintiff's *pro se* status, the Court considers the merits of Plaintiff's claims.

### a. Lack of Standing

The crux of Plaintiff's Complaint is that Defendant lacks standing to foreclose on the Property. It is undisputed that Plaintiff executed the Security Deed and granted to BANA title to the Property, with the power of sale. (Security Deed [3.2] at 5). On May 14, 2016, BANA assigned its rights under the Security Deed to Nationstar. (Assignment [3.3]). Nationstar is thus entitled to exercise the power of sale in the Security Deed.

To the extent Plaintiff argues that the Assignment is a "fraudulent document," (See [11] at 3) Plaintiff is not a party to the Assignment and he therefore lacks standing to challenge its validity. See Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment) (citing O.C.G.A. § 9-2-20(a), which provides that an action based on a contract can be brought only by a party to the contract);

Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 891 (11th Cir. 2013) (citing Montgomery).[7]

Plaintiff also argues that the Security Deed is not valid because it was "split" from the note and that Nationstar lacks standing to foreclose on the Property because Defendant is not the holder of Plaintiff's note and is "not a Holder In Due Course." (See [6] at 2). Variations of these arguments have been repeatedly rejected under Georgia law. See, e.g., You v. JP Morgan Chase Bank, 743 S.E.2d 428, 431-433 (Ga. 2013) ("splitting" ownership of a note from ownership of a deed not expressly prohibited under Georgia law); Crespo v. Coldwell Banker Mortg., 599 F. App'x 868, 872 (11th Cir. 2014) (quoting You v. JP Morgan Chase Bank,

---

[7] Even if he did have standing to challenge it, to the extent Plaintiff argues that "[t]here is no evidence of an assignment from the real party in interest," and that there is no evidence "of an assignment recorded in the public records," (See [1.1] at 3) the Court notes that the Assignment was executed by Tallensi Smith and Cameron P. Fowler as "Assistant Vice President[s]," contains the signatures of witnesses, and was notarized and recorded. See O.C.G.A. § 44-14-64 (transfer of security deed shall be witnessed as required for deeds); id. § 44-2-21 (deed executed outside of Georgia must be attested by two witnesses, one of whom may be a notary public); id. § 14-5-7(b) (1992) (amended 2011) (providing, when First Assignment was executed, that transfer of security deed signed by corporate officer, including assistant vice president, is conclusive evidence that officer occupies position indicated; officer's signature is genuine; and execution of instrument on behalf of corporation has been duly authorized); Deutsche Bank Nat'l Trust Co. v. JPMorgan Chase Bank, N.A., 704 S.E.2d 823 (Ga. Ct. App. 2010) (under pre-amendment version of O.C.G.A. § 14-5-7(b), security deed executed by assistant vice president valid on its face).

743 S.E.2d at 433) ("Possession of a valid security deed is sufficient 'to exercise the power of sale in accordance with the terms of the deed even if [the lender] does not hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.'"); Fabre v. Bank of Am., N.A., 523 F. App'x 661, 665 (11th Cir. 2013) ("Actual possession of the note is not required for a secured creditor seeking non-judicial foreclosure.").

Plaintiff has not, and cannot, assert a viable claim under any legal theory based on Defendant's alleged "lack of standing" to foreclose on the Property. Insofar as Plaintiff's claims for fraud and injunctive relief are based on perceived defects in the Assignments or Defendant's alleged lack of authority to foreclose on the Property, these claims are required to be dismissed.

        b.    Fraud

In Georgia, a plaintiff alleging fraud must establish: (i) a false representation; (ii) scienter; (iii) intent to induce the plaintiff to act or refrain from acting; (iv) justifiable reliance; and (v) damage proximately caused by the representation.  See JarAllah v. Schoen, 531 S.E.2d 778, 780 (Ga. Ct. App. 2000).

Rule 9(b) of the Federal Rules of Civil Procedure further requires that a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  The Eleventh Circuit has consistently held:

> To comply with Rule 9(b), a complaint must set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Thomas v. Pentagon Federal Credit Union, 393 F. App'x 635, 638 (11th Cir. 2010); see also Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008).  Plaintiff's conclusory, vague allegations that Nationstar has engaged in "a clear pattern of intentional fraudulent conduct, the fraudulent manufacturing of defaults, and the intentional demand for monies to which it was not legally entitled" (See [11] at 4) are insufficient to satisfy the special pleading requirement under Rule 9(b) of the Federal Rules of Civil Procedure for pleading fraud claims with specificity, and he otherwise fails to state a claim for fraud under Georgia law.  Plaintiff's fraud claims are required to be dismissed.

      c.    <u>Injunctive Relief</u>

A claim for preliminary injunctive relief requires a showing of "a substantial likelihood of success on the merits of the underlying case," Grizzle v. Kemp, 634 F.3d 1314, 1320 (11th Cir. 2011), while a permanent injunction requires actual success on the merits, United States v. Endotec, Inc., 563 F.3d

1187, 1194 (11th Cir. 2009). Because Plaintiff fails to state a viable claim for relief, his claim for injunctive relief is required to be dismissed.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Nationstar's Motion to Dismiss [3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand [11] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining Pleadings [6, 9] are **DENIED**.

**SO ORDERED** this 2nd day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE